IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SHARON FINCH             PLAINTIFF

V.             CASE NO. 2:07CV32

ROBINSON PROPERTY GROUP             DEFENDANT

## ORDER

This cause comes before the court on the motions [46, 47] of the plaintiff, Sharon Finch, for a new trial.

This court held a trial in the instant matter on January 26 and 27, 2009. At the close of that trial the jury found Finch had suffered $13,000 in damages. They apportioned liability for those damages with Finch fifty percent at fault and the defendant, Robinson Property Group Corp. ("Robinson"), fifty percent at fault. On January 30, 2009 a final judgment was entered in this matter.

Finch seeks a new trial arguing the jury wrongfully refused to consider damages other than medical treatment costs. Robinson responds that the jury actually awarded some damages above Finch's medical bills and that it called into question the credibility of any other damages.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th cir. 1998)). In passing on a motion for a new trial, a court need not view the evidence most favorable to the nonmoving

party, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F.2d 101, 105 (5th Cir. 1979)). This does not mean a judge may order a new trial simply because he disagrees with the verdict. *Id*. The judge must be convinced the verdict is against the great weight of the evidence. *Id*.

In the instant matter the verdict is not against the great weight of the evidence. Finch certainly testified to damages other than medical bills. That testimony was, however, called into question on cross examination. For instance Finch testified she could no longer care for her grandchildren. Robinson's attorney questioned Finch about her prior statement that she did not take care of her grandchildren. Finch testified that she could no longer clean her house. Robinson brought out the fact she had previously been paying someone to clean her house.

Additionally, other portions of Finch's testimony were contradictory. Her testimony was designed to show she could no longer enjoy the same quality of life she had before the accident. She clearly stated the three main activities in her life were playing cards, participating in outdoor activities, and quilting. She stated that she returned to playing cards after the accident. In fact testimony revealed that immediately following the accident Finch returned to playing poker in the casino. The evidence also revealed that she continues to enjoy outdoor activities with her husband.

While Finch did not return to quilting, a reasonable jury could have inferred this change was due to carpal tunnel syndrome unrelated to the accident.

Finally, Finch's doctor testified that her injury had healed nicely and she was under no long-term medical restrictions. Looking at the evidence as a whole there is nothing to indicate the jury's verdict was against the great weight of the evidence. This court sees no reason to overturn the jury's decision.

Finch's motion for a new trial is DENIED.

This the 31st day of March, 2009.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**